IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-02152-MSK

CRAIG J. NICHOL,

    Applicant,
v.

FRANCIS FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART

Applicant Craig J. Nichol is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Nichol has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") asserting nine claims for relief challenging the validity of his conviction and sentence in Denver District Court case number 05CR4051. On August 14, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On August 28, 2013, Respondents filed a Pre-Answer Response (ECF No. 11) arguing that all or part of five claims in the Application are procedurally defaulted. Respondents concede that the instant action is timely and that Mr. Nichol's other claims are exhausted. On September 11, 2013, Mr. Nichol filed two copies of Applicant's Response to the Pre-Answer Response (ECF Nos. 14 & 15).

The Court must construe the Application and other papers filed by Mr. Nichol liberally

because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

The factual background of Mr. Nichol's crimes and convictions was summarized by the Colorado Court of Appeals in state court postconviction proceedings as follows:

> Defendant was charged with crimes arising from two separate incidents in which he sexually assaulted his daughter, who was four or five years old at the time and who had previously been sexually assaulted by a different person. At trial, the prosecution presented the following evidence of defendant's guilt: (1) the video-recorded statements of the victim during a forensic interview; (2) the testimony of the person who conducted the forensic interview; (3) the victim's testimony by closed-circuit television; and (4) defendant's stationhouse interview where he admitted to certain aspects of the two incidents with his daughter, including having touched his daughter on her bottom while she was naked and also having touched her on her vagina while he was masturbating.
>
> The jury convicted defendant of one count of sexual assault on a child, two counts of sexual assault on a child by one in a position of trust, two counts of aggravated incest, and one count of sexual assault on a child, pattern of abuse.

*People v. Nichol*, No. 11CA0947, slip op. at 1-2 (Colo. App. Aug. 2, 2012) (ECF No. 11-9 at 2-3). The judgment of conviction was affirmed on direct appeal, but the case was remanded to the trial court for resentencing. *See People v. Nichol*, No. 06CA1682 (Colo. App. Sept. 10, 2009) (ECF No. 11-4). On April 27, 2010, the trial court resentenced Mr. Nichol to an indeterminate term of forty-eight years to life in prison. (*See* ECF No. 11-1 at 10.)

On August 2, 2010, Mr. Nichol filed in the trial court a postconviction motion to reconsider his sentence that was denied on August 24, 2010. (*See id.* at 9.)

On January 27, 2011, Mr. Nichol filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See id.*) On April 25, 2011, the trial court denied the Rule 35(c) motion. (*See id.*) On August 2, 2012, the Colorado Court of Appeals affirmed the trial court's order denying the postconviction Rule 35(c) motion. (*See* ECF No. 11-9.) On July 15, 2013, the Colorado Supreme Court denied Mr. Nichol's petition for writ of certiorari in the postconviction Rule 35(c) proceedings. (*See* ECF No. 11-11.)

Mr. Nichol filed the Application on August 12, 2013. He claims in the Application that: (1) his confession was involuntary; (2) the victim's testimony via closed-circuit television violated his right to confrontation; (3) Colorado's Sex Offender Lifetime Supervision Act is unconstitutional; (4) the trial court violated his right to due process by denying his motion for a new trial that was based on discovery violations; (5) newly discovered evidence entitles him to a new trial; (6) the trial judge and prosecutor were biased; (7) trial counsel was ineffective due to a conflict of interest; (8) the evidence was insufficient to support his convictions; and (9) the victim's out-of-court identification of him was impermissibly suggestive.

## II.  ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III.  EXHAUSTION OF STATE REMEDIES

Respondents concede that claims one, two, three, and seven in the Application are exhausted and that the discovery violation portion of claim four also is exhausted. However, Respondents argue that Mr. Nichol has failed to exhaust state remedies for the fraud portion of claim four as well as claims five, six, eight, and nine.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state

remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

**A. Claim Four**

Mr. Nichol contends in claim four that the trial court violated his right to due process by denying his motion for a new trial that was based on discovery violations and Respondents concede that Mr. Nichol has exhausted state remedies for the discovery violation portion of claim four. However, Respondents argue that, to the extent Mr. Nichol asserts within claim four

4

that "the concealment of material facts that one is bound to disclose may constitute actionable fraud" (ECF No. 1 at 17), this fraud portion of claim four is not exhausted because Mr. Nichol has not presented a fraud claim to the Colorado state courts in any proceeding. Respondents also assert that the fraud portion of claim four is not a federal constitutional claim.

Even assuming the fraud portion of claim four could be construed liberally as a federal constitutional claim, Mr. Nichol fails to demonstrate or even allege that the fraud portion of claim four has been fairly presented to the Colorado courts. Furthermore, the Court has reviewed Mr. Nichol's state court appellate briefs and agrees with Respondents that Mr. Nichol has not fairly presented to the state courts the fraud portion of claim four. Therefore, the Court finds that the fraud portion of claim four is not exhausted.

**B. Claim Five**

Mr. Nichol contends in claim five that newly discovered evidence entitles him to a new trial. Respondents argue that claim five was not fairly presented to the state courts and is not exhausted because the state courts rejected the claim on an independent and adequate state procedural ground. Respondents are correct that, in the postconviction Rule 35(c) proceedings, both the trial court and the Colorado Court of Appeals rejected the newly discovered evidence claim as successive pursuant to Rule 35(c)(3)(VI). (*See* ECF No. 11-2 at 1-2; ECF No. 11-9 at 4-6.) However, the state courts determined the newly discovered evidence claim was successive because the claim had been raised and resolved on direct appeal. Respondents do not address whether Mr. Nichol exhausted state remedies for claim five on direct appeal. Therefore, based on the determination by the state courts that the claim was raised and resolved on direct appeal, the Court rejects Respondents' argument that claim five is unexhausted.

**C. Claim Six**

Mr. Nichol contends in claim six that the trial judge and prosecutor were biased against

him.  Respondents argue that claim six was not fairly presented to the state courts as a federal constitutional claim and is not exhausted because, in the state court postconviction proceedings, Mr. Nichol asserted only in general terms that bias by the trial judge and prosecutor deprived him of due process and a fair trial.  The Court does not agree.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  Mr. Nichol specifically asserted in his opening brief to the Colorado Court of Appeals in the postconviction Rule 35(c) proceedings that his federal constitutional right to due process was violated as a result of judicial and prosecutorial bias.  (*See* ECF No. 11-7 at 50.)  Therefore, the Court finds that claim six was fairly presented to the state courts and is exhausted.

**D.  Claim Eight**

Mr. Nichol contends in claim eight that the evidence was insufficient to support his convictions.  Respondents argue that claim eight was not fairly presented to the state courts and is not exhausted because the state courts rejected the claim on an independent and adequate state procedural ground.  Respondents are correct that, in the postconviction Rule 35(c) proceedings, both the trial court and the Colorado Court of Appeals rejected the insufficient evidence claim pursuant to Rule 35(c)(3)(VII) because the claim could have been raised on direct appeal.  (*See* ECF No. 11-2 at 4-5; ECF No. 11-9 at 11-12.)  Therefore, the Court agrees that claim eight was not fairly presented to the state courts.  The fact that the Colorado Court of Appeals also addressed the insufficient evidence claim on the merits (*see* ECF No. 11-9 at 12-13) does not mean that the claim was fairly presented to the state courts.  *See Coleman v. Thompson*, 501 U.S. 722, 733 (1991) (noting that a state court can look to federal law as an alternative holding, so

long as it clearly and expressly indicates its decision is based on independent and adequate state procedural grounds). As a result, the Court finds that Mr. Nichol fails to satisfy his burden of demonstrating claim eight is exhausted.

### E. Claim Nine

Mr. Nichol contends in claim nine that the victim's out-of-court identification of him was impermissibly suggestive. Respondents argue that claim nine was not fairly presented to the state courts and is not exhausted because the state courts rejected the claim on an independent and adequate state procedural ground. Respondents are correct that, in the postconviction Rule 35(c) proceedings, both the trial court and the Colorado Court of Appeals rejected the identification procedure claim pursuant to Rule 35(c)(3)(VII) because the claim could have been raised on direct appeal. (*See* ECF No. 11-2 at 5; ECF No. 11-9 at 13.) Therefore, the Court agrees that claim nine was not fairly presented to the state courts. The fact that the Colorado Court of Appeals also addressed the identification procedure claim on the merits (*see* ECF No. 11-9 at 13-14) does not meant that the claim was fairly presented to the state courts. *See Coleman*, 501 U.S. at 733. As a result, the Court finds that Mr. Nichol fails to satisfy his burden of demonstrating claim nine is exhausted.

### IV. PROCEDURAL DEFAULT

Although Mr. Nichol failed to exhaust state remedies for the fraud portion of claim four and claims eight and nine, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Nichol no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Therefore, the Court next will consider Respondents' argument that the unexhausted claims are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused

7

through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Even if the unexhausted claims have not actually been raised and rejected by the state courts, the claims still are subject to an anticipatory procedural default if it is clear that the claims would be rejected because of an independent and adequate state procedural rule.  *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases."  *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Nichol's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

As discussed above, the Colorado Court of Appeals rejected claims eight and nine pursuant to Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure because those claims could have been raised on direct appeal.  It is clear that Rule 35(c)(3)(VII) also would bar Mr. Nichol from raising the fraud portion of claim four in a new state postconviction motion because the claim could have been raised previously.

Mr. Nichol presents no argument that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is not independent and adequate.  In any event, the Court finds that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is independent because it relies on state rather than federal law.  The rule also is adequate because it is applied evenhandedly by Colorado courts.  *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VII) to reject claims that could have been raised in a prior postconviction motion).  Therefore, the fraud portion of claim four and claims eight and nine are procedurally

defaulted and cannot be considered unless Mr. Nichol demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Nichol must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Nichol can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Nichol makes no attempt to demonstrate cause and prejudice with respect to the fraud portion of claim four. With respect to claims eight and nine, he apparently contends that repeated denials of his motions for a copy of the trial transcript during state court postconviction proceedings constitute cause for his procedural default of those claims. According to Mr. Nichol, the repeated denials of his requests for a copy of the trial transcript forced him to present claims eight and nine to the state courts in the postconviction proceedings based solely on his memory of the trial and the contents of his opening brief on direct appeal.

The Court is not persuaded that the alleged lack of access to a copy of the trial transcript during state court postconviction proceedings prevented Mr. Nichol from complying with Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure. As discussed above, the state courts rejected claims eight and nine because those claims could have been raised on direct appeal. The claims were not rejected because of some failure to raise them adequately in the postconviction

proceedings. In short, any impact the alleged lack of access to a trial transcript may have had on Mr. Nichol's ability to present those claims to the state courts in the postconviction proceedings does not alter the fact that those claims were barred because they should have been raised on direct appeal.

For these reasons, the Court finds that Mr. Nichol fails to demonstrate good cause for his procedural default of the unexhausted claims. He also fails to demonstrate or argue that a failure to consider his unexhausted claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that the fraud portion of claim four and claims eight and nine in the Application are procedurally barred.

## V.  CONCLUSION

In summary, Respondents do not raise the one-year limitation period as an affirmative defense and Respondents concede that claims one, two, three, seven, and the discovery violation portion of claim four are exhausted. The Court rejects Respondents' arguments that claims five and six are unexhausted and procedurally barred. However, the fraud portion of claim four and claims eight and nine will be dismissed as unexhausted and procedurally barred. Accordingly, it is

**ORDERED** that the fraud portion of claim four and claims eight and nine in the Application are DISMISSED because those claims are unexhausted and procedurally barred. It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply,

if he desires.

Dated this 17th day of December, 2013.

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge